UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MATTHEW FINNEGAN,

               Plaintiff,

-against-

LEMONADE/EVAN WILEY,

               Defendants.

21-CV-5719 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated July 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below, and grants Plaintiff leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Sean Finnegan brings this action against Lemonade and Evan Wiley. Plaintiff

alleges:

> The defendant breached contract on numerous [sic] occasions by failing to
> process payment for a covered peril. The defendant is harassing the plaintiff. The
> defendant is abusing the plaintiff. The defendant is making up stories and lies to
> emotionally and psychologically abuse the plaintiff. The defendant is making
> false statements to avoid the processing of a payment.

(ECF 2 ¶ III.)

Plaintiff identifies Defendants as an insurance company and an insurance broker. (*Id.* at

6.) He invokes a provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692d, and a statute that governs contracts with the federal government, 41 U.S.C. § 6503.

Plaintiff seeks $50 million for damages for "fees, expenses, costs and lost wages." (*Id.* ¶ IV.)[1]

## DISCUSSION

Plaintiff contends that his claims arise under 15 U.S.C. § 1692d, which is a provision of

the FDCPA, 15 U.S.C. § 1692. The FDCPA applies to consumer debt "arising out of . . .

transaction[s]" that "are primarily for personal, family, or household purposes." 15 U.S.C.

§ 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013)

("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer

transaction").

In cases where the FDCPA applies, it prohibits deceptive and misleading practices by

"debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in § 1692a(6) as: (1) a person

whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to

another; or (3) a person who collects its own debts, using a name other than its own as if it were

a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017)

(holding that entities that regularly purchase debts originated by someone else and then seek to

collect those debts for their own account are not necessarily debt collectors subject to the

FDCPA).

The provision that Plaintiff invokes, section 1692d, provides that "[a] debt collector may

not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any

person in connection with the collection of a debt." Conduct in violation of the statute includes,

---

[1] Plaintiff has recently filed other actions in this Court. *See Finnegan v. Chase Bank*, ECF 1:21-CV-6103; *Finnegan v. New York City Police Dep't*, ECF 1:21-CV-5798; *Finnegan v. WeWork*, ECF 1:21-CV-5593. In addition, available public records show that Plaintiff has filed dozens of actions in courts across the country.

among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Here, Plaintiff alleges no facts suggesting that he owed a debt to Defendants or that Defendants qualify as debt collectors under the statute in connection with Plaintiff's claims. Plaintiff's allegations thus fail to state a claim under section 1692d.

Plaintiff also invokes 41 U.S.C. § 6503. Section 6503 covers breach of a contract under 41 U.S.C. § 6502, which deals with contracts "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." *Griffith v. Citi Mortgage Inc*., No. 16-CV-6042, 2016 WL 6601448, at *2 (E.D.N.Y. Nov. 7, 2016). The statutory provision Plaintiff cites is thus inapplicable to this case.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, the Court grants Plaintiff leave to replead his FDCPA claim.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his FDCPA claim in an amended complaint.

The Clerk of Court is directed not to enter judgment and to hold this matter open on the docket for 30 days in order to provide Plaintiff an opportunity to file an amended complaint. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of

the date of this order, caption the document as an "Amended Complaint," and label the document

with docket number 21-CV-5719 (LTS). An Amended Complaint form is attached to this order.

No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he

cannot show good cause to excuse such failure, the complaint will be dismissed for failure to

state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 2, 2021
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

\_\_\_\_\_CV_____

_____

(Include case number if one has been
assigned)

Write the full name of each plaintiff.

-against-                                   **AMENDED**

_____            **COMPLAINT**

_____            Do you want a jury trial?
                                            ☐ Yes      ☐ No
_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.   PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial            Last Name

_____

Street Address

_____

County, City                                    State                    Zip Code

_____

Telephone Number                            Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | |
|---|---|
| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| | | |
|---|---|---|
| County, City | State | Zip Code |

Page 5

Defendant 4: 

      First Name                  Last Name

      Current Job Title (or other identifying information)

      Current Work Address (or other address where defendant may be served)

      County, City                  State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7